TIMOTHY J. YOO (SBN 155531)
tjy@lnbyb.com
CARMELA T. PAGAY (SBN 195603)
ctp@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Alberta P. Stahl
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DAVID ARCHER BRUCE BURTON,<br><br>Debtor. | Case No. 2:10-bk-54585-TD<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY NANCY B. BURTON; DECLARATION IN SUPPORT THEREOF**<br><br>Date:  April 7, 2011<br>Time:  10:00 a.m.<br>Place:  Courtroom 1345<br>　　　Roybal Federal Building<br>　　　255 E. Temple Street<br>　　　Los Angeles, CA 90012 |

**TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKRUPTCY JUDGE, NANCY B. BURTON AND HER COUNSEL OF RECORD, THE OFFICE OF THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:**

Alberta P. Stahl ("Trustee"), the Chapter 7 Trustee for the bankruptcy estate of David Archer Bruce Burton (the "Debtor"), hereby respectfully submits this opposition to the Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (the "Stay Relief Motion") filed by Nancy B. Burton ("Movant").

Any reply by Movant to this opposition must be filed with the Court and served on counsel for the Trustee no later than 7 days prior to the hearing on the Motion.

## I.

## INTRODUCTION

Movant seeks relief from stay in this case to resume prosecution of a pending marital dissolution proceeding between the Debtor and Movant. In such proceeding, the family law court has not entered a judgment dividing Movant and the Debtor's community property. While the Trustee is sympathetic to Movant's current situation, the Ninth Circuit in In re Mantle has clearly held that under the precise circumstances at hand, all community property of the Debtor and Movant is now property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a)(2). Moreover, it has been held that the Bankruptcy Court has exclusive jurisdiction to distribute property of the bankruptcy estate. Therefore, relief from stay is inappropriate in this case.

## II.

## STATEMENT OF FACTS

The Debtor commenced this case by filing a voluntary petition on October 18, 2010 (the "Petition Date") under Chapter 7 of the Bankruptcy Code. See Exhibit A to the Chapter 7 Trustee's Request for Judicial Notice in Support of Opposition to Motion for Relief from the Automatic Stay ("RJN") filed concurrently herewith. Alberta P. Stahl ("Trustee") was thereafter appointed as Chapter 7 trustee for the Debtor's bankruptcy estate.

The assets scheduled by the Debtor on his Schedule B include community property funds held in a trust account pursuant to a Court order in a pending family proceeding and various retirement and 401k plans. A true and correct copy of the Debtor's Schedule B is attached as Exhibit B to the RJN. These same assets are at issue in the marital dissolution proceeding

1 | pending between the Debtor and Movant as Case No. BD 408121 in the Los Angeles Superior
2 | Court. See Motion, pp. 15-18 (Respondent David A.B. Burton's Schedule of Assets and Debts).
3 |     A true and correct copy of the docket for the dissolution proceeding is attached as Exhibit
4 | C to the RJN. The docket reflects that the dissolution proceeding was commenced on June 4,
5 | 2004, prior to the Petition Date. The docket also confirms the assertion in the Motion (p. 5, ¶ 4a)
6 | that the only judgment that has been entered in the dissolution proceeding is as to status of the
7 | marriage. Accordingly, the family law court has yet to enter a judgment dividing the marital
8 | community property. In fact, contrary to the Motion's contention, the setting of a trial date was
9 | not imminent, i.e., a trial date was not supposed to be set on October 8, 2010. The July 29, 2010
10 | order attached as pp. 23-25 to the Motion indicated that another hearing would be set after the
11 | October 8, 2010 hearing for the setting of a trial date.
12 |     Movant is correct in pointing out that the Trustee is in possession of the aforementioned
13 | community property funds held in a trust account pursuant to a Court order in a pending family
14 | proceeding; however, the Trustee obtained the funds by virtue of voluntary turnover pursuant to
15 | Section 542 by UBS, the entity that was holding the funds, not by seizure as claimed in the
16 | Motion. Moreover, to the extent Movant is claiming entitlement to half of such funds
17 | (Supplemental Declaration of Nancy Burton (the "Supplemental Declaration"), p. 7, ¶ 3, lns. 14-
18 | 15), it cannot be disputed that the funds were proceeds from the sale of the real property located
19 | at 100 North Windsor Boulevard, Los Angeles, California 90004 (the "Property"), which Movant
20 | and the Debtor acquired as community property. See Exhibit D to the RJN. It appears that the
21 | community property nature of the Property never changed before its sale by Movant and the
22 | Debtor to a third party in 2005. See Exhibit E to the RJN.
23 |     The Debtor listed approximately $138,141.00 in unsecured priority debt on his Schedule E
24 | and $317,034.00 in unsecured nonpriority debt on his Schedule F. A true and correct copy of the

3

Debtor's Schedule E is attached as <u>Exhibit F</u> to the RJN. A true and correct copy of the Debtor's Schedule F is attached as <u>Exhibit G</u> to the RJN.

### III.

### **<u>RELIEF FROM STAY WOULD INTERFERE WITH THE BANKRUPTCY COURT'S EXCLUSIVE JURISDICTION OVER DIVISION OF ESTATE PROPERTY</u>**

It is settled in Ninth Circuit that since the state court had not entered any order or judgment dividing the couple's property, all community property of both the Debtor and Movant constitute property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a)(2). Section 541(a)(2) of the Bankruptcy Code provides that property of the estate includes "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case . . ." 11 U.S.C. § 541(a)(2).

The Ninth Circuit dealt with an identical situation in <u>In re Mantle</u>, 153 F.3d 1082, 1083 (9th Cir. 1998). The Mantles were parties to a martial dissolution proceeding when John Mantle filed a voluntary Chapter 7 bankruptcy petition. Prior to the bankruptcy filing, the family law court had ordered the sale of their home, but directed that the sale proceeds be placed in an escrow account pending a further determination of how the funds should be divided. At the time of the bankruptcy filing, however, the family law court had not yet entered any order or judgment dividing the couple's property, including the funds originating from the sale of their residence. <u>Id</u>. at 1084.

The Chapter 7 trustee for John Mantle's bankruptcy case filed a declaratory relief action seeking a judgment that the sale proceeds were entirely community property and thus, entirely property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(2). The Ninth Circuit agreed with the trustee and wrote:

///

> We agree that under California law, division of property is the event that will sever the liability of community property for community debts, and, <u>until division, all community property of the divorcing couple is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(2)</u>. Because, in the present case, there is no evidence that the superior court adjudicating the Mantles' divorce had entered any order dividing their property, the proceeds from the sale of the community property house remained community property, and therefore should have been considered property of the bankruptcy estate.

<u>Id</u>. at 1085 (emphasis added). Therefore, unless a state court has entered a pre-petition judgment dividing the marital community property, then all of the community property of a debtor and non-debtor spouse is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(2).

Moreover, the Bankruptcy Court possesses exclusive jurisdiction to distribute estate property until all community creditors are paid in full. *Collier on Bankruptcy* states:

> Frequently, a bankruptcy case is commenced by one spouse during the pendency of a dissolution or divorce proceeding. <u>In such circumstances, until all creditors are paid in full, the bankruptcy petition terminates the jurisdiction of the divorce or dissolution court over, at least, the spouses' non-exempt assets that have not been previously partitioned. The jurisdiction of the bankruptcy court is exclusive because the initiation of divorce or dissolution proceedings does not terminate either spouses' management and control over community property by placing the community property in *custodia legis* of the divorce court</u>. In instances where the community property has not been divided in a dissolution case as of the petition date, the community property of the spouses passes to the debtor's estate, and the creditors of the debtor's former spouse participate in the distribution as holders of "community claims." However, if the property has been divided by a final order of the divorce court, the bankruptcy court is bound by the terms of that order, subject to any rights which creditors may retain.

Resnick & Sommer, *Collier on Bankruptcy* ¶ 541.13[4], at 541-84.1 through 541-84.2 (15th ed. rev.)(emphasis added). See also <u>In re Teel</u>, 34 B.R. 762, 764 (9th Cir. BAP 1983).

In <u>Keller v. Keller</u>, 185 B.R. 796, 799 (9th Cir. BAP 1995), the Bankruptcy Appellate Panel explained the necessity for the Bankruptcy Court's exclusive jurisdiction to divide estate property. While considering whether the bankruptcy trustee could recover preferential payments made pursuant to a pre-petition marital property division judgment, the BAP wrote:

> When a bankruptcy petition is filed prior to the final disposition of property between divorcing spouses, the community property comes within the jurisdiction of the bankruptcy court to assure fairness to the creditors of the individual spouses and the marital estate.

<u>Id</u>. at 799-800.

In the instant case, Movant admits that the family law court has not entered a judgment dividing the marital community property. Accordingly, all community property of the Debtor and Movant constitute property of the estate pursuant to 11 U.S.C. § 541(a)(2). In addition, as demonstrated by the case law cited above, the Bankruptcy Court possesses **exclusive** jurisdiction to administer said property. As provided in <u>Keller</u>, exercise of such jurisdiction is intended to assure fairness to the creditors of the Debtor. Therefore, allowing Movant to proceed with the dissolution action would interfere with the Bankruptcy Court's exclusive jurisdiction to administer property of the estate.

The case cited in Paragraph 7 to the Supplemental Declaration, <u>Stanwyck v. Stanwyck (In re Stanwyck)</u>, 2008 Bankr. LEXIS 4693 (B.A.P. 9th Cir. June 25, 2008) (<u>see</u> <u>Exhibit H</u> to RJN)[1] to contend that automatic stay is appropriate in this case based on the expertise of the state court in family law matters, is distinguishable from the facts at hand. In fact, it supports the Trustee's position that granting automatic stay in this case would interfere with the Bankruptcy Court's

---

[1] The Trustee is submitting the case for the Court's convenience. Under Local Bankruptcy Rule 9013-2(b)(4), a party citing to the unpublished judicial opinion (here, the Movant) is required to file and serve a copy of such opinion with the brief in which it is cited.

1 | exclusive jurisdiction over property of the estate as in that case, the order limited enforcement of

2 | any judgment in the family law court to <u>non-estate</u> property.

### IV.

### CONCLUSION

As discussed herein, relief from the automatic stay is inappropriate in this case in that Movant seeks to proceed with an action affecting property of the estate, over which the Bankruptcy Court has exclusive jurisdiction. Accordingly, the Trustee respectfully requests that the Motion be denied.

DATED: March 24, 2011

LEVENE, NEALE, BENDER, YOO &
BRILL L.L.P.

By: _____
TIMOTHY J. YOO
CARMELA T. PAGAY
Attorneys for Alberta P. Stahl
Chapter 7 Trustee

7

**DECLARATION OF ALBERTA P. STAHL**

I, Alberta P. Stahl, declare as follows:

1. I am the Chapter 7 Trustee for the bankruptcy estate of David Archer Bruce Barron (the "Debtor"). I make this declaration in support of the foregoing Chapter 7 Trustee's Opposition to Motion for Relief From the Automatic Stay Filed by Nancy B. Burton (the "Opposition"). Each of the following facts is of my own knowledge, and if called upon and sworn as a witness, I could and would competently testify thereto. Unless the context indicates otherwise, capitalized terms shall have the same meaning as defined in the Opposition.

2. On or about February 10, 2011, I received the funds identified on the Debtor's Schedule B as "[b]locked community funds held in Alain G. Rogier Client Trust Accounts pursuant to court order in pending family proceeding" from UBS. The funds were turned over to me in accordance with my and my counsel's requests that the funds be turned over to the estate.

I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on March __, 2011, at Los Angeles, California.

______________________________
ALBERTA P. STAHL

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY NANCY B. BURTON; DECLARATION IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 24, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Andrew A Goodman    agoodman@goodmanfaith.com
- Richard G. Heston    rheston@hestonlaw.com
- Carmela Pagay    ctp@lnbrb.com
- Alberta P Stahl (TR)    trusteestahl@earthlink.net,
  astahl@ecf.epiqsystems.com;trusteestahl\;\;\;.net@cacbapp.cacb.circ9.dcn
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On March 24, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Thomas B. Donovan
Roybal Federal Building
255 E. Temple Street, #1352
Los Angeles, CA 90012

Debtor
David Archer Bruce Burton
1933 Homewood Drive
Altadena, CA 91001

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2011    **F 9013-3.1.PROOF.SERVICE**

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 24, 2011 | Katie Finn | *Katie Finn* (signature) |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2011

**F 9013-3.1.PROOF.SERVICE**